■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CEMAL ALOVIC, Appellant, v WARDEN OF ANNA M. KROSS CENTER et al., Respondents.—Judgment, Supreme Court, Bronx County (Burton G. Hecht, J.), entered July 17, 1990, which dismissed

relator's writ of habeas corpus seeking vacatur of his parole warrant, is unanimously affirmed, without costs.

Relator was convicted in 1977 of attempted murder in the second degree and sentenced to fifteen years. Paroled in 1981, a parole warrant was lodged on September 8, 1989 in connection with his arrest two days earlier for attempted murder, and his possession, at the time of his arrest, of a sawed-off ruger rifle and 42 rounds of ammunition. A final revocation hearing was first scheduled for October 10, 1989, adjourned several times, and finally concluded on January 30, 1990. Relator was found to be in violation of his parole and parole was revoked, with relator to be held for the maximum expiration date of his sentence, June 12, 1992.

Relator thereupon brought this writ, contending that the hearing had not been held within the 90 days prescribed by Executive Law § 259-i (3) (f) (i). The court denied the writ, finding that the Division of Parole was chargeable with precisely the 90 days allowed by the statute.

On appeal, relator asserts that respondent was chargeable with an additional nine days when his assigned counsel failed to appear due to illness, because he no longer considered her to be his counsel and therefore should have been allowed to proceed *pro se.* The record discloses, however, that while relator was anxious to proceed with the hearing, he did not actually request to proceed *pro se,* but rather requested an adjourned date earlier than the one convenient to his counsel, and advised the court that he would try to have a different attorney at that time. It is equally clear that, as of January 19, counsel considered herself to be relator's attorney, having communicated to the court her unavailability due to illness and her agreement to the next, and final, adjourned date. Therefore, the disputed adjournment was properly charged to relator, and the hearing was held within the statutory limit. Concur—Sullivan, J. P., Wallach, Smith and Rubin, JJ.